THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Midfirst Bank, Appellant,
v.
Pierce C. Newman as Personal Representative of the Estate of Jessie William Banks, and individually as a devisee of the Estate of Jessie William Banks, Marian B. Newman, Johnnie Bradley, Cathy
Celvarey, and any children and heirs at law, distributees, and if any of the same be dead any and all person entitled to claim under or through them also all other persons unknown claiming any right, title, interest or lien upon real estate described in any unknown adults being a class designated as John Doe, and any unknown infants or persons under disability or in military service being a class designated as Richard Roe, Dorothy A.
Banks, and if Dorothy A. Banks be deceased, then any children and heirs at law, distributees and devisees and if any of the same be dead any and all persons entitled to claim under and through them also all other persons unknown claiming any right, title, interest or lien upon the real estate described in the complaint herein; any unknown adults being a class designated as John Doe and any unknown infants or persons under disability or in the military service being a class designated as Richard Roe,
Respondents.
 
 
 

Appeal From Kershaw County
 Jeffrey M. Tzerman, Master -  In - Equity

Unpublished Opinion No. 2006-UP-147
Submitted January 1, 2006  Filed March 13, 2006   

AFFIRMED

 
 
 
Alan Martin Stewart, of Columbia, for Appellant.
John K. DeLoach, Jr., of Camden, for Respondents.
 
 
 

PER CURIAM: In this appeal, Midfirst Bank argues the master-in-equity erred in declining to exercise subject matter jurisdiction over the banks foreclosure action.  We affirm.[1]
FACTS
Jessie Banks died in September of 2003.  On November 14, 2003, the Kershaw County Probate Court took exclusive original jurisdiction over all subject matter related to the estate and appointed Pierce C. Newman as the estates personal representative.  
In February of 2004, Midfirst Bank commenced a foreclosure action against real estate owned by the deceased.  Meanwhile, the personal representative determined that the real estate needed to be sold in order to pay for funeral expenses, costs of administration, and debts of the estate, so he filed a petition, lis pendens, and a proposed contract for sale with the probate court.  On May 4, 2004, Midfirst Banks attorney was served with the probate pleadings, together with notification that a hearing on the matter was to be held on May 25, 2004.  The attorney neither responded to the petition nor appeared at the hearing.
The probate court issued an order on May 27, 2004, approving the sale and authorizing the proceeds to be disbursed as follows: first, to the payment of funeral expenses; second, to the costs of administration; and third, to the mortgage on the property.  After paying the burial and administration expenses, there was only about $15,000 available to Midfirst Bank, an amount which did not satisfy the mortgage.  In conjunction with its order, the probate court signed a release, freeing the real estate from the lien of Midfirst Banks mortgage.  Midfirst Bank did not appeal from the probate court order, and on June 29, 2004, the personal representative closed the sale.   
Midfirst Banks foreclosure action lingered, however, and the matter was referred to a master-in-equity, who held a hearing on July 13, 2004.  The master declined to exercise subject matter jurisdiction over the case because the unappealed probate court order disposed of the property and disbursed the proceeds generated from the sale.  The master found service of the probate proceedings upon Midfirst Banks attorneys was sufficient and any issues it had with regard to the sale of the property should have been raised to the probate court.  This appeal followed.
STANDARD OF REVIEW
 In an action at law referred to a master with direct appeal to the supreme court or court of appeals, the appellate court will correct errors of law but must affirm the masters factual findings unless there is no evidence supporting the findings.  Sea Cabins on the Ocean IV Homeowners Assn, Inc. v. City of North Myrtle Beach, 337 S.C. 380, 388, 523 S.E.2d 193, 197 (Ct. App. 1999) affd in result by, 345 S.C. 418, 548 S.E.2d 595 (2001).
LAW/ANALYSIS
Midfirst Bank argues it was never properly served with notice of the probate court matter.  We disagree.
Pursuant to section 62-1-401 of the South Carolina Code (1987), notice of a hearing in the probate court can be served on a partys attorney if the party so requests or if the party has appeared by attorney.  Here, the personal representative notified Midfirst Bank of the hearing by serving the Korn Law Firm, which was representing the bank in its foreclosure action.     Midfirst Bank argues it only authorized the Korn Law Firm to represent it in the foreclosure action, and therefore, service to the law firm in the probate matter was insufficient.  We find no merit to this argument.
The Korn Law Firm was hired to collect Midfirst Banks debt, and because of that debt, the personal representative had to notify Midfirst Bank of all probate court proceedings relating to the property on which the bank had a lien.  Thus, the Korn Law Firms representation of Midfirst Bank was not exclusively limited to the proceedings in circuit court, but with all matters affecting the banks foreclosure action.  We therefore agree with the masters finding that service of the probate proceedings upon Midfirst Banks attorneys was sufficient.
Midfirst Bank also argues that even though the property was disposed of under the probate laws of South Carolina, it could still be subject to any encumbrances present at the decedents death.  While section 62-3-1312 of the South Carolina Code (1987) does allow the probate court to sell land subject to any existing lien, that section also allows the court to file a release of the lien.  Here, the probate court filed such a release after ordering the property sold.  Midfirst Bank never appealed from this order; thus, the order selling the property and releasing it from the banks lien is the law of the case.  See In re Thames, 344 S.C. 564, 573 n.3, 544 S.E.2d 854, 858 n.3 (Ct. App. 2001) (explaining that an unappealed decision of a trial court, right or wrong, is the law of the case). Any objections Midfirst Bank has with regard to how the proceeds of the sale should have been disbursed needed to be lodged before the probate court released the property from its lien.
CONCLUSION
Accordingly, the master-in-equitys order declining to exercise subject matter jurisdiction is 
AFFIRMED. 
HEARN, C.J., and HUFF and BEATTY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.